DIAMOND ELECTRONICS DIVISION
OF ARVIN SYSTEMS, INC.,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 76–1890.

United States Court of Appeals,
Sixth Circuit.

Feb. 13, 1978.

Qwen J. Neighbours, Roberts, Ryder, Rogers & Neighbours, Indianapolis, Ind., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Alan Banov, John S. Irving, John E. Higgins, Jr., Carl L. Taylor, Aileen A. Armstrong, Washington, D. C., Emil C. Farkas, Director, Region 9, N. L. R. B., Cincinnati, Ohio, for respondent.

Before LIVELY, ENGEL and MERRITT, Circuit Judges.

## ORDER

The employer has petitioned this court to review and set aside an order of the National Labor Relations Board in which the Board found that the employer had violated Section 8(a)(5) and (1) of the Act by refusing to bargain with a properly certified union. The Board has cross applied for enforcement of its order which is reported at 225 NLRB No. 27.

The employer filed objections to union conduct which it claims affected the results of a collective bargaining election held on June 10, 1975. The Regional Director found that the objections lacked merit and recommended that the Board certify the union as representative of the employees. The employer filed exceptions to the findings and recommendations of the Regional Director and these were overruled by the Board. The employer refused to request to bargain with the certified union, contending that the Board should have set aside the election because of material misrepresentations made by the union immediately prior to the date of the election. The Board granted summary judgment, finding the employer guilty of an unfair labor practice. At no stage of the proceedings has there been an evidentiary hearing though the employer made a specific offer of proof to support its contention that the findings of the Regional Director were erroneous.

The Regional Director found that a letter distributed by the union to employees over the weekend prior to an election which be-

gan at 8:45 a. m. on the following Tuesday did not accurately portray the facts about a wage increase which the union had obtained for employees of another employer located in the same general labor market. However, the Regional Director concluded that the inaccuracy in the letter was not sufficiently material to warrant a hearing or setting aside the election. The letter from the union claimed a 70-cent-per-hour increase under the most recent contract with the nearby employer whereas the actual wage increase was 50 cents per hour. Thus there was a 40 per cent overstatement of the size of the increase. This was a material misrepresentation with respect to wage rates, a matter of great concern to employees.

Upon consideration of the entire record together with the briefs and oral arguments of counsel the court concludes that the misrepresentation by the union in this case met the four criteria set forth by the Board in *Hollywood Ceramics Co.,* 140 NLRB 221 (1962). Accordingly, the petition for review is granted and enforcement of the order of the Board is denied.